UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARPREET SINGH,

Petitioner,

v.

CALHOUN COUNTY CORRECTONAL CENTER et al.,

Respondents.

Case No. 1:26-cv-2068

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a "fair bond hearing." (Pet., ECF No. 1, PageID.16.) In an Order entered on July 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.)

Respondents filed their response and a recording of the June 3, 2025, bond hearing on July 20, 2026. (Resp., ECF No. 4; Recording of Jun. 3, 2025, Bond Hearing, filed on Jul 20, 2026.)

## II. Factual Background

Petitioner is a citizen of India who entered the United States in March 26, 2023. Op., *Harpreet Singh v. Kevin Raycraft, et al.* (*Singh I*), No. 1:26-cv-1182 (W.D. Mich. Jun. 1, 2026) (ECF No. 14). On May 20, 2025, ICE agents arrested Petitioner. *Id.*

On June 3, 2025, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Singh I*, (W.D. Mich. Apr. 21, 2026) (ECF No. 6-3). At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond in a written order, stating:

> The Court finds that [Petitioner] is a flight risk. There are a lack of ties to the community in Ohio or California. There is also a lack of information as to why [Petitioner] was in Ohio when the search warrant was effectuated in a home he was visiting. Without this information, the Court does not have sufficient information that there is any amount that the Court could set as bond that would ensure [Petitioner's] appearance at future hearings.

*Id.*

On April 10, 2026, Petitioner filed his first § 2241 action in this Court in *Singh I*. In *Singh I*, the Court dismissed Petitioner's petition for writ of habeas corpus without prejudice because Petitioner previously received a § 1226 bond hearing and did not raise any claims regarding the June 3, 2025, bond hearing in *Singh I*. Op. and Jud., *Singh I*, (W.D. Mich. Jun. 1, 2026) (ECF Nos. 14, 15).

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026).

In *Soto-Medina*, the Court recognized the important liberty interest implicated by civil detention and held "that due process requires that the *government* bear the burden of justifying a noncitizen's § 1226(a) detention." *Id.* at 622 (emphasis in original). That allocation of the burden is significant here because the Immigration Judge's reasoning indicates that she effectively placed the risk of evidentiary uncertainty on Petitioner, rather than requiring the government to carry its burden of establishing flight risk by clear and convincing evidence. The Immigration Judge found that continued detention was justified because there was a lack of information as to why Petitioner was in Ohio at the time that the search warrant was executed, and without this information she did not have "sufficient information" that there was "any amount that the Court could set as bond that would ensure [Petitioner's] appearance at future hearings" so as to alleviate Petitioner's risk of flight. Immigration Judge Order, *Singh I*, (W.D. Mich. Apr. 21, 2026) (ECF No. 6-3). The structure of the decision indicates that the Immigration Judge required Petitioner to supply sufficient evidence to overcome the Court's uncertainty about his flight risk. That is materially different from finding that the government has established, by clear and convincing evidence, that Petitioner is likely to flee and that no reasonable bond condition will mitigate the risk. Accordingly, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set

forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). The Court will dismiss the Calhoun County Correctional Center. However, to ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for

the denial. The Court will further dismiss the Calhoun County Correctional Center as a Respondent.

Dated: August 19, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge